## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LIAM CAIN,

    Plaintiff,

-vs-                                      CASE NO.:

TRANS UNION LLC,

    Defendants.

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LIAM CAIN (hereinafter "Plaintiff"), sues Defendant, TRANS UNION LLC, ("Trans Union") in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures

designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Pasco County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. Upon information and believe, Trans Union is a corporation incorporated under the State of Illinois, authorized to do business in the State of Florida, through its registered agent, Corporation Service Company located at 1201 Hays Street, Tallahassee, Florida 32301.

10. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defied in 15 U.S.C § 1681(d) to third parties.

11. Under information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

12. Plaintiff has been subjected to serious identity theft for many years. As a result, on October 28, 2019, Plaintiff even changed his full legal name from Peter Helton to Liam Cain in hopes that would prevent any future issues with his Trans Union credit report. Plaintiff has disputed with trans Union with his former name and current legal name.

13. Even after feeling the difficulties of changing his legal name, Plaintiff has repeatedly disputed with Trans Union during 2020, 2021 and 2022 about

incorrect addresses, employment information, hard inquiries and fraudulent accounts.

14. As Trans Union was reluctant to remove the erroneous information and accounts, Plaintiff felt quite defeated. Plaintiff has endured many sleepless nights, stress, frustration and physical harm because of Trans Union's reluctance to fix his credit report.

15. On April 16, 2021, Plaintiff obtained a copy of his Trans Union credit report and became aware that Trans Union continued to report numerous hard inquiries and a First Premier account that did not belong to him. This resulted in Plaintiff feeling helpless and defeated that despite disputing, Trans Union continued to report incorrect information.

16. On July 23, 2021, Plaintiff was attempting to secure a mortgage and was denied by two creditors as a result of Trans Unions erroneous reporting.

17. During the relevant time period, Plaintiff has had difficulty in obtaining a copy of his Trans Union credit report. After many attempts to obtain his Trans Union credit report, Plaintiff was able to do so on May 21, 2022. Upon Plaintiff's review there were addresses, hard inquiries and accounts that did not belong to him.

18. In response to the inaccurate reporting, on June 16, 2022, Plaintiff mailed out a detailed dispute letter to Trans Union. In the letter Plaintiff made

Trans Union aware that he was a victim of serious identity theft and has even disputed previous accounts with the Defendant in the past. Plaintiff made them aware that they were reporting two fraudulent addresses, numerous hard inquires and a First Premier partial account number 517800689093**** and a LVNV Funding partial account number 444796249957****. Plaintiff provided images of his order granting his name change, the two filed police reports and an email confirmation from his submitted Federal Trade Commission Identity Theft Report.

19.     Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail 7021 0950 0001 5656 6229.

20.     Despite USPS delivery confirmation on June 21, 2022, Trans Union failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his detailed dispute letter.  Trans Union violated the FCRA by failing to conduct an investigation.

21.     On August 19, 2022, Plaintiff attempted to obtain a copy of his Trans Union credit report through Annual Credit Report and was unable to obtain and view his credit file.

22.     Plaintiff felt utterly defeated that he never received a response from Trans Union concerning his dispute letter and the inability to obtain a copy of his Trans Union credit report.

23. On December 5, 2022, Plaintiff mailed another detailed dispute letter to Trans Union concerning the erroneous report. In the letter Plaintiff again reiterated to Trans Union that he was a victim of serious identity theft and has even disputed previous accounts with the Defendant in the past. Plaintiff made them aware that they were reporting two fraudulent addresses, numerous hard inquires and a First Premier partial account number 517800689093**** and a LVNV Funding partial account number 444796249957****. Plaintiff provided images of his driver's license, his social security card, his military ID, his order granting his name change, the two filed police reports and an email confirmation from his submitted Federal Trade Commission Identity Theft Report.

24. Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail 7021 2720 0003 3960 8086.

25. Shortly thereafter, Plaintiff received the USPS Certified Mail deliver confirmation, confirming that Trans Union signed to obtain his dispute letter on December 8, 2022. Despite USPS delivery confirmation on June 21, 2022, Trans Union failed to respond to Plaintiff's dispute letter, in violation of 15 U.S.C § 1681i(a)(6)(A). Plaintiff did not receive any documentation about his detailed dispute letter.

26. On February 25, 2023, Plaintiff mailed yet another detailed dispute letter to Trans Union concerning the erroneous report. In the letter Plaintiff again reiterated to Trans Union that he was a victim of serious identity theft and has even

6

disputed previous accounts with the Defendant in the past. Plaintiff made them aware that they were reporting two fraudulent addresses, numerous hard inquires and a First Premier partial account number 517800689093**** and a LVNV Funding partial account number 444796249957****. Plaintiff provided images of his driver's license, his social security card, his military ID, his order granting his name change, the two filed police reports and an email confirmation from his submitted Federal Trade Commission Identity Theft Report.

27.     Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail 7022 0410 0002 9757 7241.

28.     On March 6, 2023, Plaintiff received a response from Trans Union. In the mailed letter the Defendant stated, TransUnion at this time is unable to block the information you have identified for one or more of the following reasons: The request provided is missing essential personal identifying information or account specific information…"

29.     Plaintiff through his mailed dispute letters to Trans Union has provided the Defendant with images of his driver's license, his social security card and his military ID in the dispute letters that were mailed out in June of 2022, December of 2022, and February of 2023.  Despite Plaintiff providing Trans Union with identification verification documents, they responded by stating they do not have essential personal identifying information.

30. Trans Union has never attempted to contact Plaintiff about his disputes, and he continues to suffer as of the filing of this Complaint with Trans Union's reluctance to conduct a thorough investigation.

31. Trans Union simply continues to parrot off the back of the furnishers and has not conducted an actual investigation despite Plaintiff's many pleas.

32. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix his credit;
   ii. Loss of time attempting to cure the errors; Plaintiff has wasted an insane amount of time writing disputes, communicating with Trans Union, going to the police, and going to the social security office.
   iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;
   iv. Reduction in credit score;
   v. Credit denials for mortgage;
   vi. Apprehensiveness to apply for credit due to the fear of rejection.

## COUNT I
**Violations of the Fair Credit Reporting Act as to Trans Union LLC**

33. Plaintiffs re-allege and reincorporate paragraphs one through thirty-two above.

34. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff. Trans Union allowed for numerous furnishers to report inaccurate information on an account. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

35. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of the credit denials to secure a mortgage. Plaintiff has had to even change his legal name due to the identity theft that Trans Union has allowed.

36. Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 USC § 1681o.

37. Trans Union violated its own policies and procedures by not deleting the erroneous information and accounts after Plaintiff provided sworn testimony to the Federal Trade Commission and local law enforcement of the fraud.

38. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Trans Union, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
### Violation of 15 U.S.C § 1681i- As to Defendant, Trans Union LLC

39. Plaintiffs re-allege and reincorporate paragraphs one through thirty-two above.

40. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving several notices of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

41. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be

determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

42. Trans Union took no independent action to investigate the dispute. Trans Union received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to the furnishers.

43. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant; for his attorneys' fees and costs; for prejudgment and

post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 28th day of March 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*